380 So.2d 429 (1980)
THE FLORIDA BAR, Complainant,
v.
Seymour L. GAER, Respondent.
No. 57412.
Supreme Court of Florida.
February 7, 1980.
*430 Richard L. Lapidus, Bar Counsel; and Scott K. Tozian, Asst. Staff Counsel, Miami, and Anita F. Dahlquist, Asst. Staff Counsel, Tallahassee, for complainant.
Vincent J. Flynn, of Flynn, Rubio & Tarkoff, Miami, for respondent.
PER CURIAM.
This disciplinary proceeding against Seymour L. Gaer is before us on complaint of The Florida bar, report of the referee, and petition for review filed by complainant.
The referee made the following findings of fact. On or about March 30, 1977, until April 30, 1977, a bail bondsman referred cases to respondent and set the fee to be charged by respondent. During this onemonth period, the bail bondsman referred three clients to respondent. Respondent represented these three clients and shared part of his attorney's fees with the bail bondsman. On January 9, 1978, respondent was found guilty on three counts of soliciting legal business in violation of section 877.02, Florida Statutes, and two counts of a bail bondsman advising the employment of a particular attorney to his principal in violation of section 648.44, Florida Statutes. These violations were misdemeanor offenses.
On the basis of these findings of fact, the referee recommended that respondent be found guilty for violating Disciplinary Rules 2-103(B), (C), and (E) of the Code of Professional Responsibility and Rule 11.02(3)(b) of the Integration Rule of The Florida Bar. The referee further recommended that respondent receive a public reprimand to be published in the Southern Reporter.
In recommending a public reprimand, the referee noted the following considerations:
(1) Respondent had practiced law for seventeen years without any prior disciplinary convictions or disciplinary measures imposed.
(2) Respondent represented the three solicited clients successfully and with proper diligence.
(3) Respondent was candid and cooperative with the Grievance Committee and the referee.
(4) This referee was convinced that respondent would not repeat his misconduct.
After review of the referee's report, the Board of Governors of The Florida Bar approved the referee's finding of guilt but recommended a sixty (60) day suspension from the practice of law as a more appropriate disciplinary measure.
For the reasons expressed by the referee, we approve the referee's recommended discipline and hereby order that respondent receive a public reprimand to be published in the Southern Reporter. Costs in the amount of $289.80 are hereby taxed against the respondent.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.